Kenneth Kestenbaum
PO Box 22083
Phoenix, AZ 85028
480-747-3660
ken@argarizona.com

*Plaintiff Pro Se*



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acclara Solutions, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH KESTENBAUM, an individual, DOES 1-10; XYZ Companies 1-10,<br><br>Defendants | Case No.  **CV20-01340-PHX-MTL**<br><br>**NOTICE OF REMOVAL** |

TO:  **THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA - PHOENIX:**

PLEASE TAKE NOTICE that Defendant Kenneth Kestenbaum, under 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action entitled *Acclara Solutions, LLC v Kenneth Kestenbaum., et al.*, filed in the Superior Court of the State of Arizona, in and for the County of Maricopa, bearing Case No. CV2020-007718, to the United States District Court for the District of Arizona – Phoenix Division. As required by 28 U.S.C. § 1446(a), Removing Defendant sets forth below a short and plain statement of the grounds for removal:

## INTRODUCTION

1. Plaintiff Acclara Solutions, LLC commenced this action on or about July 6, 2020 by filing a Summons and Complaint in the Superior Court of the State of Arizona, in and for the County of Maricopa. Copies of all pleadings, processes, and orders in the state court are attached hereto as **Exhibit A**.

2. In their Summons and Complaint, Plaintiffs seek an advisory opinion on whether or not an employer can be held responsible for the conduct of its officers while such officers are performing work on behalf of the employer (*See* Ex. A, Complaint) Removing Defendant denies categorically Plaintiffs' allegations.

3. On information and belief, defendant Kenneth Kestenbaum has not yet been properly joined or served in this action, and therefore need not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

///

## GROUNDS FOR REMOVAL

This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(2). There is complete diversity of citizenship between the parties who have been properly joined and served (no party has been joined and served), and on information and belief the amount in controversy, exceeds $75,000, exclusive of interest and costs.

### I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES PROPERLY JOINED AND SERVED IN THIS ACTION

1. Upon information and belief, at the time Plaintiffs commenced this civil action, and at all times since, Plaintiff was a limited liability company organized under the laws of the State of Texas and is considered to be a citizen of Texas for the purposes of this action. (*See* Ex. A, Complaint)

2. At the time Plaintiff commenced this civil action, and at all times since, Defendant Kestenbaum was and is an individual residing in Maricopa County, Arizona, and therefore is a citizen of the State of Arizona for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Defendant Kestenbaum has not been properly joined or served in this action. *See* 28 U.S.C. § 1441(b)(2).

3. Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1)-(2). Plaintiffs are, on information and belief, citizens of the State of Texas, and because no defendant that was properly joined and served in this action is a citizen of the State of Arizona, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

## II.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

1. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because while the Plaintiffs' Summons and Complaint demands Declaratory Relief, Defendant Kestenbaum must make mandatory counterclaims that will far exceed the rule that "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

2. A removing defendant need only show "a *'reasonable probability'* that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)) (emphasis added).

3. For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Greenberg, 134 F.3d at 1253; De Aguilar, 47 F.3d at 1408*. The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)*. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance, 134 F.3d at 1253* (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. However this is not

an action where damages are sought. In an action for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977)*; see also *St. Paul Reinsurance, 134 F.3d at 1252-53* (quoting *Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)*) ("The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."). In Plaintiff's complaint, it is clear on its face that they have pled that they could suffer enormous financial harm. Plaintiff Acclara has over 750 employees. They have made it clear in their complaint that if the Declaratory Relief they seek is not granted, that the business will suffer enormous financial losses. Defendant Kestenbaum has made legal demand for $120,000,000 (one hundred twenty million dollars) in actual and punitive damages. To the extent that the Court is not persuaded by this argument, Defendant requests that the Court allow Defendant to present evidence to support this claim, including the testimony of Acclara officers and or owners as to the anticipated amount of the "injury to be prevented" if the relief they seek is granted. In this case the "injury to be prevented" by the declaratory relief is in the tens, if not hundreds of millions of dollars, by Acclara's own admissions.

### III.     ADDITIONAL PROCEDURAL REQUIREMENTS

1. In addition to satisfying the requirements of diversity jurisdiction, Removing Defendant has satisfied all other requirements for removal.

2. Removal is timely because less than 30 days have passed since Plaintiffs filed their Summons and Complaint on July 6, 2020. *See* 28 U.S.C. § 1446(b).

3. Plaintiffs' Summons and Complaint provide a sufficient basis for removal of this action because it is clear from the face of that document that the requirements of 28

U.S.C. § 1332(a) are satisfied. *See generally Christian, Klein & Cogburn v. NASD*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) ("an initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading" for purposes of 28 U.S.C. § 1446(b)) (internal quotations omitted).

4. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as **Exhibit A**.

5. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Superior Court of the State of Arizona, County of Maricopa, where this action currently is pending.

6. Based upon the allegations in Plaintiffs' Summons and Complaint, the proper venue for removal of this action under 28 U.S.C. § 112(b) is the United States District Court for the District of Arizona – Phoenix, because this District embraces the Supreme Court of the State of Arizona, County of Maricopa, the forum in which the removed action was pending.

7. Should any question arise as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present evidence as well as oral argument in support of their position.

WHEREFORE, Removing Defendants give notice that this matter in the Superior Court of the State of Arizona, County of Maricopa, bearing Case No. CV2020-007718, is hereby removed to the United States District Court for the District of Arizona, and request that this Court retain jurisdiction for all further proceedings in this matter.

///

Dated:       July 7, 2020

Respectfully Submitted,

By: _____

Kenneth Kestenbaum

*Plaintiff Pro Se*

PO Box 22083

Phoenix, AZ 85028

# CERTIFICATE OF SERVICE

I cerfity that a copy of the foregoing Notice of Removal was served by depositing said copy in the U.S. Mail, first class, postage prepaid on July 7, 2020 addressed to:

Roger L. Cohen
Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
*Attorneys for Plaintiff Acclara Solutions, LLC*

By /s/ Kenneth Kestenbaum

    Kenneth Kestenbaum
    *Plaintiff Pro Se*

1