# EXHIBIT A

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Roger L. Cohen

Attorney Bar Number 004409

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

_____

_____

Plaintiff's Name(s): (List all)   Plaintiff's Address:   Phone #:   Email Address:

Acclara Solutions, LLC   c/o Roger L. Cohen, 3200 N. Central Ave., Suite 2000, Phoenix, AZ 85012 (602) 248-1000 rlc@jaburgwilk.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Kenneth Kestenbaum

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "**X**" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____     ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

### NATURE OF ACTION

Place an "**X**" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

Case No._____

**110 TORT NON-MOTOR VEHICLE:**

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____*

**120 MEDICAL MALPRACTICE:**

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

**130 & 197 CONTRACTS:**

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

**150-199 OTHER CIVIL CASE TYPES:**

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

- [ ] Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- [x] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate

☐ 163 Other* _____
(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC   ☐ Election Challenge
☐ Employer Sanction   ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Roger L. Cohen (004409)
rlc@jaburgwilk.com
Thomas S. Moring (021247)
tsm@jaburgwilk.com
Kathi Mann Sandweiss (011078)
kms@jaburgwilk.com

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Acclara Solutions, LLC, a Texas limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>Kenneth Kestenbaum, an individual; Does 1-10; XYZ Companies 1-10;<br><br>    Defendants. | SUMMONS |

THE STATE OF ARIZONA TO DEFENDANT:

TO: **Kenneth Kestenbaum**
6500 E. Cactus Wren Rd.
Paradise Valley, AZ  85253

    YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the summons and complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court.  Service by publication is complete 30

9999-9999-00067\\RLC\\SLK\\4091356.1

1  days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the affidavit of compliance and return receipt or officer's return. **RCP 4; A.R.S. §§20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an answer or proper response in writing with the clerk of this court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. §12-311; RCP 5.**

PURSUANT TO RULE 45(G), ARIZONA RULES OF CIVIL PROCEDURE; AMERICANS WITH DISABILITIES ACT, REQUESTS FOR REASONABLE ACCOMMODATIONS FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of Plaintiff's attorney is:

Roger L. Cohen
JABURG & WILK
3200 N. Central Avenue
Phoenix, Arizona  85012

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

### Interpreter Notification

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date:_____

_____
CLERK OF THE SUPERIOR COURT

By: _____
    Deputy Clerk

2

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Roger L. Cohen (004409)
rlc@jaburgwilk.com
Thomas S. Moring (021247)
tsm@jaburgwilk.com
Kathi Mann Sandweiss (011078)
kms@jaburgwilk.com

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Acclara Solutions, LLC, a Texas limited liability company, | Case No. |
| Plaintiff, | **Complaint** |
| v. | |
| Kenneth Kestenbaum, an individual; Does 1-10; XYZ Companies 1-10; | |
| Defendants. | |

Plaintiff alleges:

### PARTIES AND JURISDICTION

1. Plaintiff Acclara Solutions, LLC ("Acclara") is, and at all relevant times has been, a Texas limited liability company.

2. All transactions out of which Plaintiff's claims arose occurred in Maricopa County, Arizona.

3. Defendant Kenneth Kestenbaum ("Kestenbaum") is, and at all relevant times has been, an individual and resident of Maricopa County, Arizona.

4. All acts of any individual Defendant alleged in this Complaint were performed on the acting Defendant's own behalf, on behalf if his or her marital

1  community, and on behalf of each and every other defendant as an officer, employee, or
2  agent acting within the scope of his or her authority, actual or apparent, or as an alter
3  ego of each other.

4       5.    Defendants Does 1-10 and XYZ Companies 1-10 are individuals,
5  corporations, limited liability companies and other entities (collectively, the
6  "Fictitiously-Named Defendants"), whose true names and identities are not known to
7  Plaintiff, who are liable, jointly and severally with the named Defendant, for the
8  transactions, agreements, acts and omissions alleged in this Complaint, as joint
9  tortfeasors, co-conspirators, alter egos or otherwise.

10       6.    Jurisdiction and venue are proper in this Court.

11       7.    Based on the nature and complexity of the claims and counterclaims, and
12  the amount of damages sought in the Counterclaim, this matter is properly assigned to
13  Tier 3 for purposes of discovery.

## GENERAL ALLEGATIONS

15       8.    Acclara is a provider of services to physicians and hospitals, health
16  systems and physician groups, offering services for patient financial responsibility,
17  insurance reimbursements, and conversion insurance.

18       9.    An officer and employee of Acclara, Thomas Anthony DuBrul
19  ("DuBrul") is a resident of Paradise Valley, Maricopa County, Arizona.

20       10.    Defendant Kestenbaum is an individual and purports to be a resident of
21  Paradise Valley, Maricopa County, Arizona, and a neighbor of DuBrul.

22       11.    Kestenbaum claims to be the owner of a property adjacent to that of
23  DuBrul; in fact, the adjacent property belongs not to Kestenbaum, but to a third party.

24       12.    Kestenbaum has made various allegations against DuBrul including that
25  he and members of DuBrul's household have engaged in loud conversations that have

2

included offensive comments allegedly overheard by Kestenbaum from the adjacent property.

13. Acclara has no contractual dealings with, and has performed no acts giving rise to any claim by Kestenbaum.

14. Further, even if DuBrul made the allegedly offensive statements, they were not made in the course of DuBrul's employment with Acclara; nor was DuBrul acting as an agent of Acclara when making those alleged statements.

15. Nevertheless, based upon the alleged interactions between Kestenbaum and DuBrul, Kestenbaum demanded a $1 million monetary payment from Acclara and has threatened multiple times that unless Acclara complies with his demand for money, he will file a lawsuit against Acclara, seeking damages of $120 million, and thereafter to provide the complaint to the press, "make it public on social media . . .", and make DuBrul's allegedly offensive behavior known to Acclara's customers.

16. Kestenbaum's intent, in publicizing his threatened complaint, would be to make public allegations, whether true or false, tending to subject Acclara to hatred, contempt or ridicule or to impair Acclara's reputation, credit or business. Without limitation, Kestenbaum's intent is evidenced by an email sent by him on July 5, 2020, stating, in reference to his threatened lawsuit: "I have seen entire business is being destroyed for way less than this. I have my doubts that Acclara will be a going concern after this week."

17. Kestenbaum's conduct as set forth above therefore constitutes the crime of theft by extortion under the Arizona Criminal Code, A.R.S. § 13-1804.

18. Kestenbaum is, or should be, aware that his threatened claims against Acclara would be groundless and in bad faith.

////
////

3

## COUNT ONE

### (Declaratory Judgment)

19. Acclara realleges all other allegations in this Complaint.

20. Despite the absence of any direct dealings between Acclara and Kestenbaum, and despite that any claim to be asserted by Kestenbaum would be groundless and brought in bad faith, there has arisen, by virtue of Kestenbaum's demands and threats as set forth above, an actual and justiciable controversy with respect to their respective rights, interests and obligations pertaining to Kestenbaum's private disputes with DuBrul and the members of DuBrul's household.

21. Acclara is therefore entitled to relief in the form of a declaration that Kestenbaum has no valid claims against Acclara and that any claim to be asserted by Kestenbaum would be groundless and brought in bad faith.

22. Acclara is entitled to taxable costs, and to attorney fees under A.R.S. § 12-349.

WHEREFORE, Acclara requests judgment against Defendants, jointly and severally, as follows:

    A.    Declaring that Kestenbaum has no valid claims against Acclara and that any claim to be asserted by Kestenbaum would be groundless and brought in bad faith.

    B.    For costs and attorney fees, together with interest at the highest legal rate from the date of judgment until paid in full; and

    C.    For such other and further relief as is proper and just.

. . . .

. . . .

. . . .

. . . .

DATED this 6th day of July, 2020.

          **Jaburg & Wilk, P.C.**

          Roger L. Cohen
          Thomas S. Moring
          Kathi Mann Sandweiss
          3200 N. Central Avenue, 20th Floor
          Phoenix, AZ 85012
          Attorneys for Plaintiff

5

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Roger L. Cohen (004409)
rlc@jaburgwilk.com
Thomas S. Moring (021247)
tsm@jaburgwilk.com
Kathi Mann Sandweiss (011078)
kms@jaburgwilk.com

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Acclara Solutions, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Kenneth Kestenbaum, an individual; Does 1-10; XYZ Companies 1-10;<br><br>Defendants. | **CERTIFICATE OF COMPULSORY ARBITRATION** |

Pursuant to Rule 72(b), Arizona Rules of Civil Procedure, Plaintiffs in this matter are seeking non-monetary relief. Accordingly, this case **is not subject** compulsory arbitration.

DATED this 6th day of July, 2020.

Jaburg & Wilk, P.C.

Roger L. Cohen
Thomas S. Moring
Kathi Mann Sandweiss
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Plaintiffs

20894-20894-00001\\RLC\\RLC\\4091408.2